UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSEPH CHALIFOUX

  Plaintiff,

v.                                              Case No: 5:26-cv-295-WWB-PRL

PAMERSON O. IFILL,

  Defendant.

_____

### ORDER

Pending before the Court is pro se Plaintiff Joseph Chalimoux's motion for entry of a clerk's default against Defendant Angela C. McConney. (Doc. 11). Pursuant to Federal Rule of Civil Procedure Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, before a clerk's default can be entered, the serving party must establish that the defaulting party was properly served. *See Colclough v. Gwinnett Pub. Schs.*, 734 F. App'x 660, 662 (11th Cir. 2018) (per curiam) (finding that the court could not enter a clerk's default where the plaintiff had not properly served the defendant) (citations omitted); *Chambers v. Halsted Fin. Servs., LLC*, No. 2:13-cv-809-FtM-38CM, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014) ("Prior to directing the [c]lerk to enter a default, [a c]ourt must first determine whether the [p]laintiff properly effected service of process.") (citation omitted).

Rule 4(e) of the Federal Rules of Civil Procedure allows a plaintiff to effect service in any judicial district of the United States by either (1) following the law regarding service of a summons of the state in which the district court is located or where service is made or (2) by

delivering a copy of the summons and complaint to the individual personally, by leaving a copy of each at the individual's dwelling with someone of suitable age or discretion who resides there, or by delivering a copy of each to an agent authorized by appointment or law to receive such. As this Court is in Florida and service was "effected" in Massachusetts, Plaintiff must show that service was sufficient under federal, Florida or Massachusetts law. In Florida, service of original process is made on an individual by delivering a copy to the person to be served or by leaving a copy at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Fla. Stat. §48.031(1)(a). Likewise, in Massachusetts, service of original process is made on an individual by delivering a copy of the summons and of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by statute to receive service of process, provided that any further notice required by such statute be given. Mass.R.Civ. P., Rule 4(d).

According to the return of service filed by Plaintiff, Defendant Angela C. McConney was served by delivering a copy of the summons and complaint to Heidy Rodriguez at the Department of Criminal Justice Information Service in Chelsea, Massachusetts. (Doc. 5 at 10). Based on this filing, service was not perfected on Ms. McConney personally, nor was she served at her usual place of abode or dwelling. Thus, it appears that the only potential basis for service is delivery to an authorized agent under federal or Massachusetts law. However, the record fails to establish that Heidy Rodriquez is an authorized agent to receive service of process on behalf of Ms. McConney.

Accordingly, because Plaintiff has failed to establish that he properly served Defendant Angela C. McConney under federal, Florida or Massachusetts law, the instant motion (Doc. 11) is due to be **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on June 16, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 3 -