**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JOSEPH CHALIFOUX,**

      **Plaintiff,**

   **v.**                              **Case No.:  5:26-cv-00295-WWB-PRL**

**PAMERSON O. IFILL, ET AL.,**

      **Defendants,**

                                        /

**ORDER**

On June 2, 2026, the Court granted Defendant Pamerson Ifill's motion for a 30-day extension of time to respond to the Complaint.  (Doc. 8).  Based on the Court's entry of this Order prior to Plaintiff's response being docketed (Doc. 10), Plaintiff has now filed a motion to vacate that ruling (Doc. 15) and to disqualify or recuse me or alternatively for reassignment. (Doc. 14).

Plaintiff contends that the Court's Order should be vacated because he was denied the right to be heard on Defendant Ifill's motion for extension of time. Admittedly, the Court did enter its Order before the 14-day response period had lapsed.  Plaintiff argues that this underscores the problem caused by prior rulings denying him the right to file documents via CM/ECF. However, the Court routinely affords parties additional time to respond to the complaint, particularly, when as here, the motion is filed before the deadline to respond has passed. Contrary to Plaintiff's suggestion, granting Defendant Ifill an additional 30-days to respond to the complaint was not an adverse ruling affecting Plaintiff's rights. Moreover, even

considering Plaintiff's response (Doc. 10), Defendant Ifill's motion is due to be granted. Accordingly, Plaintiff's motion to vacate (Doc. 15) is **denied.**

Likewise, Plaintiff's motion for recusal is without merit. "Two statutes govern recusal—28 U.S.C. §§ 144 and 455." *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) (per curiam). Recusal under § 144 is mandated "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." *See* 28 U.S.C. § 144. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000) (citation omitted). "Properly pleaded facts in a § 144 affidavit must be considered as true." *Id*.

Similarly, under § 455, a federal judge must recuse himself when his "impartiality might reasonably be questioned," if, among other things, he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *See* 28 U.S.C. § 455(a), (b)(1). To that end, a party must offer facts, not merely allegations, that evidence partiality. *See United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999). Unlike § 144, "[s]ection 455 does not require the judge to accept all allegations by a moving party as true." *Macort v. Prem Inc.*, No. 8:03-cv-1710-T-17MSS, 2005 WL 8153267, at *1 (M.D. Fla. June 24, 2005) (citing *Philips v. Joint Legis. Comm. on Performance & Expenditure Rev.*, 637 F.2d 1014, 1019 n.6 (5th Cir. 1981)).

For recusal to be warranted under either § 144 or § 455, a judge's bias must be "personal as distinguished from judicial in nature" and "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned

from his participation in the case." *See Jaffe v. Grant*, 793 F.2d 1182, 1188-89 (11th Cir. 1986) (internal quotation marks omitted). A judge must not recuse himself "when there is no occasion for him to do so" and should not recuse himself "on unsupported, irrational, or highly tenuous speculation." *See In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (citations and quotation marks omitted); *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) (per curiam) ("Rather, a charge of partiality must be supported by facts."). Indeed, "if this occurred[,] the price of maintaining the purity of the appearance of justice would be the power of litigants or third parties to exercise a veto over the assignment of judges." *Greenough*, 782 F.2d at 1558; *see Macort*, 2005 WL 8153267, at *1 ("If a party could force recusal of a judge by [mere] factual allegations, the result would be a virtual 'open season' for recusal.") (citations omitted).

Here, Plaintiff's motion is insufficient to show that the undersigned should recuse himself from this action. As noted above, Plaintiff seeks the undersigned's recusal based on his disagreements with my judicial rulings—i.e., granting Defendant Ifill's motion for an additional 30-days to respond to the complaint and denying Plaintiff's motions for CM/ECF filing access. "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555; *see McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (per curiam) ("Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion."). Rather, Plaintiff's disagreement with adverse rulings is "proper grounds for appeal, not recusal." *See Liteky*, 510 U.S. at 555; *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009) ("[A] recusal motion is an improper vehicle to dispute disagreeable adverse rulings.").

Simply stated, Plaintiff may not compel the undersigned to recuse himself just because the undersigned issued an order or ruled against him in a current case. Plaintiff's motions are based upon his subjective disagreement with the undersigned's legal conclusions, rather than upon any facts that evidence impartiality by the undersigned. Indeed, Plaintiff raises no extra-judicial conduct as the basis for the requested recusal. Because Plaintiff fails to state sufficient facts or basis for recusal, he has failed to demonstrate that any reasonable and objective individual would entertain a significant doubt about the undersigned's impartiality. As such, Plaintiff's motion to disqualify or recuse the undersigned (Doc. 14) is due to be **denied**.

DONE and ORDERED in Ocala, Florida June 25, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party