**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JOSEPH CHALIFOUX,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00295-WWB-PRL**

**PAMERSON O. IFILL, ET AL.,**

**Defendants,**
_____________________________________/

## REPORT AND RECOMMENDATION[1]

Joseph Chalifoux, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 against Defendants Pamerson O. Ifill, Commissioner of Probation of the Commonwealth of Massachusetts, and Angela C. McConney, Commissioner of the Department of Criminal Justice Information Services of the Commonwealth of Massachusetts. Plaintiff seeks declaratory and injunctive relief arising from "the continuing enforcement of a permanent Massachusetts abuse prevention order and related disabilities that were imposed, extended, and preserved through a twelve-year sequence of constitutionally defective proceedings."

Plaintiff alleges that venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to his claims occurred in the Middle District of Florida. Pursuant to 28 U.S.C. § 1391(b):

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

> substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

However, a review of the Complaint shows that other than Plaintiff residing in the Middle District of Florida while challenging the proceedings in Massachusetts, Plaintiff does not allege that any events or omissions occurred in Florida. To the contrary, the Complaint alleges that both Defendants are Commissioners in Massachusetts and that most (if not all) events or omissions occurred there. While the Court has serious questions about the viability of Plaintiff's claims, the Middle District of Florida clearly is not the proper venue to hear them.

"A district court may dismiss a suit *sua sponte* for lack of venue if it gave the parties an opportunity to present their views on the issue." *Taylor v. Forsyth,* 713 Fed. Appx. 843, 844 & n.3 (11th Cir. 2017) (*citing Algodonera De Las Cabezas, S.A. v. American Suisse Capital, Inc.,* 432 F.3d 1343, 1345 (11th Cir. 2005)). Since Plaintiff will be given notice of his opportunity to object to this report and recommendation before the district court will enter its final order and the district court shall review the report *de novo*, such notice and opportunity are considered an adequate procedure for Plaintiff to present his views on this issue and to alleviate any due process concerns. *See Taylor*, 713 Fed. Appx. 884 n.3 (*citing Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001)). Likewise, it will afford Defendants an opportunity to waive the venue defense if they are so inclined. *See Algodonera De Las Cabezas, S.A.*, 432 F.3d 1343 at 1345 (district court may dismiss a suit *sua sponte* for lack of venue if it gives defendant an opportunity to waive venue defense and plaintiff an opportunity to make arguments as to why venue is proper before the case is dismissed).

Accordingly, **I recommend that this action be dismissed for lack of venue**.

DONE and ENTERED in Ocala, Florida on June 26, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party