**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JOSEPH CHALIFOUX,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00295-WWB-PRL**

**PAMERSON O. IFILL, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF PROBATION OF THE COMMONWEALTH OF MASSACHUSETTS, et al.,**

**Defendants,**
**___________________________________/**

**ORDER**

This matter is before the Court on Defendants' motion to stay discovery pending resolution of Defendants' motion to dismiss the amended complaint. (Doc. 36). Plaintiff has filed a response in opposition. (Doc. 38).

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases.").

In addition, "[m]atters pertaining to discovery are committed to the sound discretion of the district court." *Patterson v. USPS*, 901 F.2d 927, 929 (11th Cir. 1990). As such, the district court has " 'broad inherent power to stay discovery until preliminary issues can be

settled which may be dispositive of some important aspect of the case.' " *Ameris Bank v. Russack*, No. CV614-002, 2014 WL 2465203, *1 (S.D. Ga. May 29, 2014) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). Regarding stays of discovery, "the moving party bears the burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

While stays of discovery are generally disfavored, courts have held that good cause to stay discovery exists when resolution of a dispositive motion may dispose of the entire action. *See e.g., Patterson*, 901 F. 2d at 929 (holding that the district court did not abuse its discretion by staying discovery where a pending dispositive motion gave the court enough information to ascertain that further discovery was not likely to produce a genuine issue of material fact). In deciding whether to stay discovery pending resolution of a motion to dismiss, the Court must balance the harm produced by the delay against the possibility that the motion will be granted and completely dispose of the action. *Feldman*, 176 F.R.D. at 652-53. To that end, it is often helpful to take a "preliminary peek" at the merits of the pending motion to dismiss to ascertain whether the pending motion appears to be "clearly meritorious." *Id.*

Here, the Court has taken a "preliminary peek" at Defendants' motion to dismiss. The motion to dismiss raises threshold, potentially case-dispositive issues, including lack of subject-matter jurisdiction, Eleventh Amendment immunity, lack of personal jurisdiction, improper venue, lack of standing and/or redressability, and failure to state a claim. If granted, the motion would dispose of the action or, at a minimum, substantially narrow the issues and parties. Further, and without prejudice to the Court's future disposition of the motion to

dismiss, preliminary review reveals that there is at least a "clear possibility" that the motion will be granted. *See Feldman, 176 F.R.D. at 652.*

Given the posture of the case and the arguments raised in the motion to dismiss, the Court agrees that it is appropriate to stay discovery until after the Court has ruled on Defendants' motion to dismiss. Accordingly, Defendants' motion (Doc. 36) is **granted,** and discovery is **stayed** in this action pending further Order of the Court. Defendants are not required to respond to Plaintiff's First Set of Interrogatories, First Request for Production, and First Request for Admissions at this time.

DONE and ORDERED in Ocala, Florida on August 13, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party